IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GABRIEL ENRIQUE LEAL ESTEIRA,**<br>**Petitioner,**<br><br>v.<br><br>**J.L. JAMISON, BRIAN MCSHANE, TODD LYONS, KRISTI NOEM, AND PAMELA BONDI,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br>NO. 26-CV-231 |

## O R D E R

**AND NOW**, this 21st day of January, 2026, upon consideration of Petitioner Gabriel Enrique Leal Esteira's Petition for Writ of Habeas Corpus (ECF No. 1), and Respondents' response thereto (ECF No. 6), **IT IS HEREBY ORDERED** as follows:

1. Esteira's Petition is **GRANTED**;[i]

2. Esteira's Motion for Temporary Restraining Order (ECF No. 2) is **MOOTED**;

3. The Government shall **RELEASE** Esteira from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **12:00 p.m. ET on January 23, 2026**;

4. The Government is temporarily enjoined from re-detaining Esteira for seven days following his release from custody;

5. If the Government chooses to pursue re-detention of Esteira after that seven-day period, it must first provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a); and

6. Pending the ordered bond hearing, the Government **SHALL NOT** remove, transfer, or otherwise facilitate the removal of Esteira from the Commonwealth of Pennsylvania.  If the Immigration Judge determines that Esteira is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission of the Court to move him.  If

unforeseen or emergency circumstances arise that require Esteira to be removed, any such request must include an explanation for the request as well as a proposed destination.

                                                                          **BY THE COURT:**

                                                                          **S/ WENDY BEETLESTONE**
                                                                          **WENDY BEETLESTONE, C.J.**

---

[i] Gabriel Enrique Leal Esteira is a native of Venezuela who has lived in the United States since 2022. On or about October 4, 2022, Esteira entered the country at the San Luis, Arizona Port of Entry, where he was encountered and detained by the Department of Homeland Security, and was subsequently paroled into the United States.

In a case where the parties made nearly identical arguments, this Court held that detaining individuals in Esteira's position without a bond hearing violates the Immigration and Nationality Act, 18 U.S.C. § 1101 *et seq.* *Rios Porras*, 2025 WL 3708900 at *2-3 (citing *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Karashnov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); and, *Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025)). The same reasoning applies here.